UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Douglas Dynamics, LLC, d/b/a/ Western Products,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>B&P SUPPLY, INC.,<br><br>　　　　　　Defendant | CIVIL ACTION<br>Docket No: 04-cv-11467 |

**PLAINTIFF DOUGLAS DYNAMICS, LLC d/b/a WESTERN PRODUCTS' MOTION FOR DEFAULT JUDGMENT WITH INCORPORATED MEMORANDUM OF LAW**

　　　　Plaintiff Douglas Dynamics, LLC d/b/a Western Products ("Western") hereby moves this Court pursuant to Rule 55 of the Federal Rules of Civil Procedure for entry of a default judgment in its favor against Defendant B&P Supply, Inc. ("B&P") in the amount of $132,401.67, plus interest and costs. Because the total amount of damages sought by Western is clearly ascertainable based on the Complaint and the Declaration of Robert J. Young, Western further requests that the Court enter a judgment in the amount of $132,401.67, plus interest and costs, without a holding an evidentiary hearing.

**Factual Background**

　　　　Western manufactures and sells snow and ice removal equipment and accessories such as snowplows and snowplow assemblies. (Declaration of Robert Young ("Young Decl.") ¶ 3.) B&P is a retail distributor that purchased snow and ice removal equipment and accessories from Western for resale to consumers. (Young Decl. ¶ 4.) From November 2003 through March 2004, Western sold and delivered to B&P, and B&P purchased and accepted from Western, snow and ice removal equipment and accessories with a sales price of $118,727.12. (Young

Decl. ¶ 5.)  A true and accurate copy of B&P's statement of account as of May 22, 2004 is attached Exhibit A to the Complaint.  (Young Decl. ¶ 6.)

The terms of sale governing the purchases made by B&P required payment in full within 30 days of the invoice date, and further provided for a 1.5% service charge per month on amounts overdue and unpaid.  (Young Decl. ¶ 7.)  As of October 22, 2004, approximately $13,674.55 of unpaid interest has accrued with respect to the amounts overdue and unpaid by B&P.  (Young Decl. ¶ 9.)  Although Western made repeated demands to B&P to make payment on the outstanding invoices, B&P failed and refused to make any such payment to Western.  (Young Decl. ¶ 8.)  Accordingly, on or about June 24, 2004, Western filed a Complaint against B&P requesting that this Court this Court enter judgment in its favor against B&P in the amount of $122,077.07 plus interest on and after May 22, 2004 at the rate of 1.5% per month on the amount of $118,727.12, plus costs of suit and interest permitted by statute, and for such other and further relief as the Court deems appropriate.  (*See* Complaint; docket entry No. 1.)

B&P was served with the Summons and a copy of the Complaint on or about July 15, 2004.  (*See* docket entry No. 3.)  After B&P was served with a copy of the Complaint, counsel for B&P contacted counsel for Western to determine if the parties could resolve the dispute before B&P had to file an Answer to the Complaint.  In light of the settlement discussions between Western and B&P, Western assented to a motion by B&P to extend the deadline for filing an Answer to September 3, 2004, which motion this Court granted on August 5, 2004. .  (*See* Order granting docket entry No. 5.)  Western and B&P continued to work towards settling the dispute; however, despite their efforts, they were not able to reach an agreement before the September 3, 2004 deadline.

{W0285478.1}                                                                 2

Although B&P did not file an Answer to the Complaint, by letter dated October 7, 2004, Western informed the Court and counsel for B&P that it would not object to extending the deadline for answering the Complaint to October 17, 2004.  (*See* docket entry No. 6.)  Western made it clear in that letter that it would request the entry of a default judgment against B&P if B&P did not file an Answer by October 17, 2004.  *Id.*  Because B&P has failed to file an Answer to the Complaint, Western now moves for default judgment in an amount that is clearly ascertainable from the Complaint and the Declarations of Robert Young.[1]

## ARGUMENT

It is undisputed that "an entry of default against a defendant establishes the defendant's liability."  *Goodman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfiti International*, 982 F.2d 686, 693 (1st Cir. 1993).  "There is no question that, default having been entered, each of [plaintiff's] allegations of fact must be taken as true and each of its . . . claims must be considered established as a matter of law."  *Brockton Savings Bank v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 13 (1st Cir. 1985), *cert. denied*, 475 U.S. 1018, 106 S.Ct. 1204 (1986); *see also Eisler v. Strizler*, 535 F.2d 148, 153 (1st Cir. 1976) (noting that "[t]he default judgment on the well-pleaded allegations in plaintiff's complaint established . . . defendant's liability.")

Once the entry of a default establishes the fact of damage, the Court has considerable latitude in determining the amount of damages.  *See Jones v. Winnepesaukee Realty*, 990 F.2d 1, 3 (1st Cir. 1993) (*citing Sony Corp. v. Elm Street Elecs., Inc.*, 800 F.2d 321 (2d Cir. 1986)) (reviewing assessment of damages following the entry of default for abuse of discretion). Although Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that the Court *may*

---

[1] By letter dated October 20, 2004, B&P has filed a motion to extend the deadline for filing its Answer to November 15, 2004.  As noted in the October 7, 2004 letter, counsel for Western does not assent to extending the deadline to November 15, 2004, and Western opposes any further motions by B&P to extend the time period in which to respond to the Complaint.  (*See* docket entry No. 6.)

conduct a hearing to determine the amount of damages, "it is settled that, if arriving at the judgment amount involves nothing more than arithmetic -- making of computations which may be figured from the record -- a default judgment can be entered without a hearing of any kind." *HMG Property Investors, Inc. v. Parque Industrial Rio Canas, Inc.*, 847 bF.2d 908, 919 (1st Cir. 1988) (*citing Pope v., United States*, 323 U.S. 1, 12, 65, S.Ct. 16, 22, 89 L.Ed. 3 (1944)); *see also Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir.) (*quoted in Brockton Savings Bank*, 771 F.2d at 13) (concluding that a hearing is not necessary where "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits.")

     In the instant case, the allegations of the Complaint establish that Defendant B&P purchased snow and ice removal equipment and accessories from Western with a sales price of $118,727.12. The Complaint further establishes that B&P breached its sales agreement with Western for the purchase of the snow and ice removal equipment and accessories by failing and refusing to make payment to Western of the outstanding amounts due. In addition, the Declaration of Robert Young establishes that unpaid interest in the amount of $13,674.55 has accrued with respect to the amounts overdue and unpaid by B&P. Since each and every factual allegation and claim contained in the Complaint is established as true as a matter of law by virtue of an entry of default, *see Brockton Savings Bank*, 771 F.2d at 13, and since the damages sustained by Western is clearly established by the Declaration of Robert Young and Exhibit A to the Complaint, the Court may enter a default judgment on the Complaint in the amount of $132,401.67, plus costs and interest, in favor of Western without having to hold an evidentiary hearing. *See HMG Property Investors, Inc.*, 847 F.2d at 919.

## CONCLUSION

Based on the foregoing, Western requests that the Court grant its Motion for Default Judgment and award it damages in the amount of $132,401.67, plus costs and interest.


Dated: October 25, 2004                    /s/ Christopher R. Drury
                                           Christopher R. Drury, Mass. Bar No. 181400
                                           cdrury@pierceatwood.com

                                           Jeffrey M. White, Maine Bar No. 1287
                                           jwhite@pierceatwood.com

                                           PIERCE ATWOOD
                                           One Monument Square
                                           Portland, ME  04101
                                           207-791-1100

                                           *Attorneys for Plaintiff Douglas Dynamics, LLC
                                           d/b/a/ Western Products*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2004, I electronically filed <u>Plaintiff Douglas Dynamics, LLC d/b/a Western Products' Motion For Default Judgment With Incorporated Memorandum Of Law</u> with the Clerk of Court using the CM/ECF system.  I also served a copy of the same, via First-Class Mail, postage prepaid, upon the following:

> Lanny M. Zuckerman, Esq.
> 29 Wendell Ave.
> Pittsfield, MA 01201

> /s/ Christopher R. Drury
> Christopher R. Drury
> cdrury@piercatwood.com
>
> PIERCE ATWOOD LLP
> One Monument Square
> Portland, ME   04101
> (207) 791-1100
>
> *Attorney for Plaintiff Douglas Dynamics, LLC d/b/a/ Western Products*

{W0285478.1}                                6