UNITED STATED DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
DOCKET NO:
04-CV-11467 MAP

DOUGLAS DYNAMICS, LLC, d/b/a/ WESTERN PRODUCTS,

    **Plaintiff,**

v.

B & P SUPPLY, INC.,

    **Defendant**

**DEFENDANT'S MOTION TO AMEND ANSWER**

NOW comes the Defendant, B & P Supply, Inc., in the above entitled matter and moves this Honorable Court pursuant to Rule 15(a) of the Federal Rules of Civil Procedure to allow it to AMEND its answer filed with the Court on November 29, 2004. For reasons, the Defendant has retained new counsel who is desirous of additional defenses to the Plaintiff's claim, as well as Counterclaims. Defendant submits an AMENDED ANSWER and COUNTERCLAIM attached hereto and marked "A".

            Respectfully submitted,
            B & P Supply, Inc.
            By its Attorney

Dated: February 12, 2005

            Jack E. Houghton, Jr.
            78 Bartlett Avenue
            Pittsfield, MA 01201
            (413) 447-7385
            B.B.O. # 241040

## CERTIFICATE OF SERVICE

I, Jack E. Houghton, Jr. hereby certify that I have, this 12th day of February, 2005 served the within Defendants' Motion to Amended Answer, by mailing same to the Attorney For the Plaintiff, Christopher R. Drury, Esq., Pierce Atwood LLP, One Monument Square, Portland, ME 04101, by first class mail, postage prepaid.

 

Jack E. Houghton, Jr.
78 Bartlett Avenue
Pittsfield, MA 01201
(413) 447-7385
BBO#: 241040

UNITED STATED DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
DOCKET NO:
04-CV-11467 MAP

**DOUGLAS DYNAMICS, LLC, d/b/a/ WESTERN PRODUCTS,**
      **Plaintiff,**

v.

**B & P SUPPLY, INC.,**
      **Defendant**

**DEFENDANT'S AMENDED ANSWER AND COUNTERCLAIM**

NOW comes the Defendant, B & P Supply, Inc. in the above entitled matter and submits the following for its Amended Answer and Counterclaim:

1. Defendant is without information sufficient to form a belief to the truth or accuracy of the allegations contained in Paragraph 1 of the Complaint.

2. Admit.

3. Admit.

4. The Defendant says that venue lies in the Western District of the United States District Court for the District of Massachusetts.

5. Defendant is without information sufficient to form a belief to the truth or accuracy of the allegations contained in Paragraph 5 of the Complaint.

6. Admit.

7. The Defendant admits to having purchased snow and ice removal equipment and accessories between November of 2003 through March of 2004; the Defendant is without information sufficient to form at this time a belief as to the sales price of the snow and ice removal equipment and accessories during said period.

8. Deny.

9. Defendant is without information sufficient to form a belief to the truth or accuracy of

the allegations contained in Paragraph 9 of the Complaint.

10. The Defendant admits that the Plaintiff made some requests for payment for its snow and ice equipment and accessories; however, the Defendant has been legally justified in not paying same.

11. Defendant is without information sufficient to form a belief to the truth or accuracy of the allegations contained in Paragraph 11 of the Complaint.

12. Defendant is without information sufficient to form a belief to the truth or accuracy of the allegations contained in Paragraph 12 of the Complaint.

13. Deny.

14. Deny.

15. No answer required.

16. Defendant is without information sufficient to form a belief to the truth or accuracy of the allegations contained in Paragraph 16 of the Complaint.

17. Defendant is without information sufficient to form a belief to the truth or accuracy of the allegations contained in Paragraph 17 of the Complaint.

18. Admit, but the Defendant is legally justified for not paying the Plaintiff.

19. Defendant is without information sufficient to form a belief to the truth or accuracy of the allegations contained in Paragraph 19 of the Complaint.

20. Defendant is without information sufficient to form a belief to the truth or accuracy of the allegations contained in Paragraph 20 of the Complaint.

21. Deny.

## SECOND DEFENSE

The Plaintiff has failed to bring its action against the Defendant within the required period of time.

THIRD DEFENSE

The Plaintiff has failed to state a cause of action upon which relief may be granted.

FOURTH DEFENSE

The Plaintiff is not entitled to recover against the Defendant on account of its unfair business practices toward the Defendant.

## COUNTERCLAIM

### COUNT I

1. Plaintiff-in-Counterclaim (Defendant above) is B & P Supply, Inc. (hereinafter "B & P"), a Massachusetts corporation having a principal place of business located in Pittsfield, Berkshire county, Massachusetts.

2. Defendant-in-Counterclaim (Plaintiff above) is Douglas Dynamics LLC, d/b/a Western Products (hereinafter "Western"), having a principal place of business in Milwaukee, Wisconsin.

3. At all relevant times to those matters pleaded in the Complaint, Western did business within the Commonwealth of Massachusetts.

4. Among other things, B & P is and has been in the business of selling snow and ice removal equipment throughout the Western New England - Eastern New York area.

5. B & P has been a distributor of Western snow and ice removal equipment for the past twenty five (25) years.

6. B & P has built up and developed an outstanding reputation and good will in the Western New England – Eastern New York area for its sale and service of snow and ice removal equipment.

7. Suddenly, without any previous notice or warning, Western refused and/or neglected to supply B & P with snow and ice removal equipment which caused B & P to lose a significant amount of its business, causing it serious and substantial financial harm and damages.

8. Upon information and belief, Western's actions toward B & P were with the design to limit competition in favor of a new or existing distributor.

9. Western's refusal to deal with B & P constituted a restraint of trade under 15 USC

Sections 1 and 2.

10. Western took advantage of B & P to a grossly unfair degree.

11. Western's refusal to deal, and other unlawful conduct, was the producing cause of damages to B & P including, but not limited to, loss of its ice and snow removal business and good will.

WHEREFORE, B & P requests this Honorable Court to grant judgment in its favor against Western in an amount to be determined, together with reasonable attorney's fees, costs and expenses.

## COUNT II

12. Plaintiff-in-Counterclaim re-alleges the same allegations in Paragraphs 1-10 of this Court as though fully set forth herein.

13. Western wrongfully terminated its relationship with B & P.

14. Western breached its contract with B & P by failing and/or refusing to supply ice and snow equipment and accessories to B & P and/or to do so in a timely manner.

15. Western's actions toward B & P were in bad faith which deprived B & P of future income.

16. Western's actions toward B & P were in contravention of public policy in violation of M.G.L. Chapter 93. Upon information and belief, Western's actions were willful and knowing.

17. Western breached its covenant of good faith and fair dealing with B & P.

18. Western, by its unilateral refusal to deal with B & P, motivated by anti-competitive purposes, or would produce an anti-competitive effect, engaged in unfair methods of competition and in unfair and deceptive practices in violation of M.G.L. Chapter 93A.

WHEREFORE, B & P demands the following relief:

    (a) Judgment in its favor for Western's breach of contract, wrongful termination and violation of M.G.L. Chapter 93 and 93A;

    (b) Determine the amount of damages in accordance with Massachusetts law;

    (c) Award B & P treble damages, attorney's fees and costs;

(d) For such other relief as is fair and just.

B & P SUPPLY, INC. DEMANDS A JURY TRIAL ON ALL ISSUES HEREIN.

B & P Supply, Inc.<br>By its Attorney:

Dated: February 12, 2005

Jack E. Houghton, Jr.<br>
78 Bartlett Avenue<br>
Pittsfield, MA 01201<br>
(413) 447-7385<br>
B.B.O. # 241040

## CERTIFICATE OF SERVICE

I, Jack E. Houghton, Jr. hereby certify that I have, this 12th day of February, 2005 served the within Defendants' Amended Answer and Counterclaim, by mailing same to the Attorney For the Plaintiff, Christopher R. Drury, Esq., Pierce Atwood LLP, One Monument Square, Portland, ME 04101, by first class mail, postage prepaid.

Jack E. Houghton, Jr.<br>
78 Bartlett Avenue<br>
Pittsfield, MA 01201<br>
(413) 447-7385<br>
BBO#: 241040