UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Douglas Dynamics, LLC, d/b/a/ Western Products,<br><br>        Plaintiff,<br><br>v.<br><br>B&P SUPPLY, INC.,<br><br>        Defendant | CIVIL ACTION<br>Docket No: 04-cv-11467 |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO AMEND
ANSWER AND ASSERT A COUNTERCLAIM WITH INCORPORATED
<u>MEMORANDUM OF LAW</u>**

Plaintiff Douglas Dynamics, LLC, d/b/a/ Western Products ("Western") submits this memorandum pursuant to Federal Rule of Civil Procedure 15(a) and Local Rule 7.1(b) in support of its opposition to Defendant B&P Supply's ("B&P") Motion to Amend Answer.

**<u>INTRODUCTION</u>**

This is a simple, straightforward collection case. It is undisputed that during the period from November 2003 through March 2004, Western sold and delivered to B&P, and B&P purchased and accepted from Western, snow and ice removal equipment and accessories with a total sales price of $118,727.12. (*See* Declaration of Michael Schaut ("Schaut Decl.") ¶5; B&P's proposed amended answer at 7.) Although Western made repeated demands to B&P to make payment on the outstanding invoices, B&P failed and refused to make any such payment to Western. (Schaut Decl. ¶ 6.) Now, in an attempt to avoid paying for the products that it purchased, B&P's seeks leave to assert a belated counterclaim against Western alleging that B&P was legally justified in not paying for the products it purchased because Western allegedly engaged in anticompetitive behavior in violation of Sections 1 and 2 of the Sherman Act, the Massachusetts Antitrust Act, and the Massachusetts Consumer Protection Act. B&P also claims

{W0328090.1}

that Western breached its contract with B&P by failing to continue to sell it products even though B&P's account with Western was past due, and even though Western's Terms of Sale reserve Western's right to discontinue sales to its customers at any time.  B&P's proposed counterclaim is fatally flawed because B&P failed to plead any of the predicates necessary to state a claim under the Sherman Act or the Massachusetts Antitrust Act and because B&P's counterclaim fails to state a claim for breach of contract or violation of M.G.L.c. 93A.  Even if B&P were granted leave to file its proposed counterclaim, the counterclaim would still be subject to dismissal for failure to state a claim upon which relief can be granted.  The Court should therefore deny B&P's Motion To Amend Answer pursuant to Fed.R.Civ.P. 15(a).

## FACTUAL BACKGROUND

On or about June 24, 2004, Western filed a complaint against B&P seeking to recover the cost of the products that B&P purchased from Western, plus interest and damages.  (*See* Complaint; docket entry No. 1.)  B&P was served with the Summons and a copy of the Complaint on or about July 15, 2004.  (*See* docket entry No. 3.)  After B&P was served with a copy of the Complaint, attorney Lanny Zuckerman, counsel for B&P, contacted counsel for Western to determine if the parties could resolve the dispute before B&P had to file an Answer to the Complaint.  In light of the ongoing settlement discussions, B&P requested additional time in which to file an Answer to the Complaint.

During the summer of 2004, B&P acquired new counsel and on November 24, 2004, approximately four months after being served with the Complaint, attorney Paul Sherr finally filed an Answer on behalf of B&P.  In December 2004, B&P changed counsel once again.  On December 23, 2004, attorney Paul Sherr withdrew as counsel for B&P and attorney Jack

Houghton entered an appearance on behalf of B&P.[1]  On February 24, 2005, approximately seven months after B&P was served with the Complaint, B&P filed a motion for leave to file an amended answer and to assert a counterclaim against Western.  The only reason that B&P gave in support of its motion was that "Defendant has retained new counsel who is desirous of additional defenses to Plaintiff's claim, as well as Counterclaims."

## ARGUMENT

**B&P'S PROPOSED COUNTERCLAIM FAILS TO STATE A CLAIM AND IS SUBJECT TO A MOTION TO DISMISS AND THEREFORE, THE COURT SHOULD DENY B&P LEAVE TO ASSERT A COUNTERCLAIM AGAINST WESTERN.**

A.    **Fed.R.Civ.P. 15(a) Does Not Compel A Court To Grant Leave To File An Amended Complaint If The Proposed Amendment Would Be Futile.**

The liberal amendment policy prescribed by Fed.R.Civ.P. 15(a) does not mean that leave to amend will be granted in all cases.  *Invest Almaz v. Temple-Inland Forest Prod.,* 243 F.3d 57, 71 (1st Cir. 2001) (quoting *Acosta-Mestre v. Hilton International*, 156 F.3d 49, 51 (1st Cir. 1998)); *see also* 6 Charles Alan Wright *et al.*, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1487 (1990).  Among the permissible reasons for denying a motion to amend is that the amendment would be futile.  *See Foman v. Davis*, 371 U.S. 178, 181-82 (1962); *see also Hatch v. Dept. for Children, Youth & Families*, 274 F.3d 12, 19 (1st Cir. 2001) ("Where an amendment would be futile or would serve no legitimate purpose, the district court should not needlessly prolong matters.") (quoting *Correa-Martinez v. Arrillaga-Belendez*, 903 F.2d 49, 59 (1st Cir., 1990) (overruled on unrelated grounds by *Educadores Puertorriquenos en Accion v. Hernandez*, 367 F.3d 61 (1st Cir. 2004)).  In *Vargas v. McNamara*, 608 F.2d 15, 18-19 (1st Cir. 1979), the

---

[1] On December 27, 2004, attorney Lanny Zuckerman filed a notice with the Court indicating that he had withdrawn as counsel for B&P.

Court of Appeals for the First Circuit recognized that futility of amendment is a valid basis for denying leave to file an amended complaint under Fed.R.Civ.P. 15(a). *See also, Demars v. General Dynamics Corp.*, 779 F.2d 95, 99 (1st Cir. 1985) ("[A] court has the discretion to deny [a motion to amend] if it believes that, as a matter of law, amendment would be futile"; denial of leave to amend upheld because additional claim was both time-barred and failed to state a claim).

B.  **B&P's Proposed Counterclaim Would Be Futile And Subject To a Motion To Dismiss Because The Counterclaim Fails To State A Claim Upon Which Relief Could Be Granted.**

A motion to dismiss for failure to state a claim under Fed.R.Civ.P. 2(b)(6) tests whether the claimant has properly plead a cognizable cause of action. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). It allows a court to dismiss meritless cases which would otherwise waste judicial resources and result in unnecessary discovery. *Id.* To determine whether a motion to dismiss should be granted, the court must first examine the complaint. The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). In ruling on a motion to dismiss, the court generally accepts as true the well-pleaded factual allegations of the complaint. *See Nicolaci v. Anapol*, 387 F.3d 21, 24 (1st Cir. 2004). Nevertheless, "while the plaintiff's 'facts' must be accepted as alleged, this does not automatically extend to bald assertions, subjective characterizations and legal conclusions." *DM Research, Inc. v. College Of American Pathologists*, 170 F.3d 53, (1st Cir. 1999) (internal quotation omitted). According to the First Circuit, "the factual allegations must be specific enough to justify dragging a defendant past the pleading threshold." *Id.* (noting that the federal rules require a plaintiff to allege a factual predicate concrete enough to warrant further proceedings and stating "[c]onclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition.")

{W0328090.1}                                        4

1.  **The Proposed Counterclaim Fails To State A Cause Of Action Under Sections 1 And 2 Of The Sherman Act And The Massachusetts Antitrust Act**

The factual allegations that B&P pleads in support of its antitrust claims under Sections 1 and 2 of the Sherman Act and the Massachusetts Antitrust Act are insufficient to state a claim as a matter of law.[2] B&P's claims that Western violated the Sherman Act and the Massachusetts Antitrust Act because:

> 7.  Suddenly, without any previous notice or warning, Western refused and/or neglected to supply B&P with snow and ice removal equipment which caused B&P to lose a significant amount of its business, causing it serious and substantial financial harm and damages.
>
> 8.  Upon information and belief, Western's actions toward B&P were with the design to limit competition in favor of new or existing distributor.
>
> 9.  Western's refusal to deal with B&P constituted a restraint of trade under 15 U.S.C. Sections 1 and 2.

B&P's antitrust claims are fatally flawed because B&P failed to plead the necessary factual predicates to state a cause of action under Sections 1 and 2 of the Sherman Act and the Massachusetts Antitrust Act.

> a)  **B&P failed to define a relevant market as required by Sections 1 and 2 of the Sherman Act.**

In order to state a claim under Sections 1 or 2 of the Sherman Act, a plaintiff must first define the relevant market: *See Eastern Food Services, Inc. v. Pontifical Catholic University Services Ass'n, Inc.*, 357 F.3d 1, 5 (1st Cir. 2004) (noting that "virtually all courts applying the rule of reason [under Section 1 of the Sherman Act] require the plaintiff to define the product

---

[2] Section 1 of the Massachusetts Antitrust Act provides that the Act "shall be construed in harmony with judicial interpretations of comparable federal antitrust statutes." M.G.L. c. 93, § 1. The Massachusetts Supreme Judicial Court has reasoned that the underlying principles of federal antitrust law were to be applied consistently to the statute. *See Ciardi v. F. Hoffman-La Roche*, 762 N.E.2d 303, 307-08 (Mass. 2002). Accordingly, B&P's failure to comply with the pleading requirements of Section 1 and 2 of the Sherman Act renders its claim under the Massachusetts Antitrust Act futile and subject to dismissal as well.

{W0328090.1}                          5

and geographic market in which competition is allegedly restrained.") (quoting VII Areeda, Antitrust Law ¶ 1503b at 376 (1986)); *United States v. Grinnell Corp.*, 384 U.S. 563, 570-71 (1966) (reasoning that one of the elements of claim under Section 2 of the Sherman Act is that the defendant possesses monopoly power in a relevant market); *Conwood Co., L.P. v. U.S. Tobacco Co.*, 290 F.3d 768, 782 (6th Cir. 2002) ("The first step in any action brought under § 2 of the Sherman Act is for the plaintiff to define the relevant product and geographic markets in which it competes with the alleged monopolizer . . ."). Defining the relevant market "requires the identification of some economic market in which power can be measured and the consequences of the act or transaction assessed." *Eastern Food Services*, 357 F.3d at 5. Here, B&P's proposed counterclaim fails to state a claim under Sections 1 and 2 of the Sherman Act because it fails to define the relevant market and fails to allege that Western has market power.

      **b)**      **B&P failed to plead a conspiracy to restrain trade as required by section 1 of the Sherman Act**

Section 1 of the Sherman Act only prescribes agreements or conspiracies between independent actors that unlawfully restrains competition.[3] Establishing a claim under Section 1 of the Sherman Act requires a plaintiff to "establish that the defendants contracted, combined or conspired among each other, that the combination or conspiracy produced adverse, anticompetitive effects within relevant product and geographic markets, that the objects of and conduct pursuant to that contract or conspiracy were illegal and that the plaintiff was injured as a proximate result of that conspiracy." *Crane & Shovel Sales Corp. v. Bucyrus-Erie Co.,* 854 F.2d 802, 805 (6th Cir. 1988) (quotation omitted). A necessary factual predicate for stating a claim

---

[3] Section 1 of the Sherman Act provides that: "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal. Every person who shall make any contract or engage in any combination or conspiracy hereby declared to be illegal shall be deemed guilty of a felony . . ." 15 U.S.C. § 1 (2004).

under Section 1 is for the plaintiff to plead a conspiracy or agreement between the defendant and an independent actor. B&P's proposed counterclaim fails to state a claim under Section 1 of the Sherman Act because, even in the light most favorable to B&P, the proposed counterclaim fails to allege that Western conspired with a third party to unlawfully restrain trade.

   **c)**   **B&P failed to allege that western has monopoly power as required by Section 2 of the Sherman Act**

In addition to requiring a plaintiff to define a relevant market, Section 2 of the Sherman Act also requires a plaintiff to allege that the defendant has monopoly power in the relevant market. *See Grinnell*, 384 U.S. at 570- 71 (reasoning that the offense of monopoly under § 2 of the Sherman Act has two elements: "(1) possession of monopoly power in the relevant market and (2) the willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident."). Monopoly power is "'the power to control prices or exclude competition,'" which may ordinarily "be inferred from the predominant share of the market." *Grinnell*, 384 U.S. at 571 (noting that cases in which the Court previously found monopoly power involved defendants possessing over two-thirds, 80%, or 90% of the relevant market). Thus, an essential element of a § 2 claim is proving that the defendant possessed monopoly power, which is itself a function of the definition of a relevant market. B&P's proposed counterclaim fails to state a claim under Section 2 of the Sherman Act because B&P failed to allege that Western has monopoly power in a relevant market.

   **2.**   **The Proposed Counterclaim Fails To State A Claim For Breach Of Contract And Violation Of The Massachusetts Consumer Protection Statute**

Count II of the proposed counterclaim alleges that Western breached its contract with B&P by failing or refusing to sell ice and snow removal equipment to B&P, and that Western's refusal to sell to B&P violated the Massachusetts Consumer Protection Act, M.G.L.c. 93A.

B&P's claim seems to be that Western had an obligation to continue to sell products to B&P even though B&P refused to pay for the products it received.  Notwithstanding that Western did not have an obligation to sell products to B&P once B&P's account became past due, Western's Terms of Sale explicitly provides that Western reserved the right to "discontinue, withdraw, or limit the sale of any and all products," at any time.  (*See* Schaut Decl. ¶ 10, Ex. B.)  In addition, Western's Terms of Sale makes it clear to its customers that "your approval as an authorized outlet in no way constitutes the grant of a franchise or other exclusive or special right to purchase or sell Western Products' products. . . .  We reserve the right to sell to others and to decline to sell to you for any reason or no reason, in our sole discretion, at any time."  (*See* Schaut Decl. ¶ 11, Ex. B.)  In light of Western's Terms of Sales, B&P had no reasonable expectation that it was entitled to continues to purchase products from Western, especially when B&P refused to pay for the products that it received from Western.  In addition, the proposed counterclaim fails to state a claim for breach of contract because B&P failed to allege that it entered into contract with Western whereby Western had an obligation to continue sell products to B&P, even when B&P failed to pay for the products it had received.  Because the proposed counterclaim does not properly plead a cause of action for breach of contract, B&P's claim that Western's unilateral refusal to deal with B&P violates M.G.L. c. 93A necessarily fails as well.

## **CONCLUSION**

Futility of amendment is an appropriate basis for denying leave to file an amended complaint under Fed.R.Civ.P. 15(a).  Because B&P failed to adequately and properly plead a cause of action for breach of contract and violations of the Sherman Act, the Massachusetts Antitrust Act, and the Massachusetts Consumer Protection Act, B&P's proposed counterclaim against Western would be futile and subject to a motion to dismiss.  B&P's motion to amend its answer to assert a counterclaim against Western should therefore be denied.

Dated: March 10, 2005	/s/ Christopher R. Drury
	Christopher R. Drury, Mass. Bar No. 181400
	cdrury@pierceatwood.com

	Jeffrey M. White, Maine Bar No. 1287
	jwhite@pierceatwood.com

	PIERCE ATWOOD
	One Monument Square
	Portland, ME  04101
	207-791-1100

	*Attorneys for Plaintiff Douglas Dynamics, LLC d/b/a/ Western Products*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2005 I electronically filed <u>Plaintiff Douglas Dynamics, LLC d/b/a Western Products' Opposition To Defendant's Motion To Amend Answer And Assert A Counterclaim With Incorporated Memorandum Of Law</u> with the Clerk of Court using the CM/ECF system. I also served a copy of the same, via First-Class Mail, postage prepaid, upon the following:

Jack E. Houghton, Jr.
78 Bartlett Avenue
Pittsfield, MA 01201
(413) 447-7385

/s/ Christopher R. Drury
Christopher R. Drury
cdrury@piercatwood.com

PIERCE ATWOOD LLP
One Monument Square
Portland, ME 04101
(207) 791-1100

*Attorney for Plaintiff Douglas Dynamics, LLC d/b/a/ Western Products*