UNITED STATED DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
DOCKET NO:
04-CV-11467 MAP

DOUGLAS DYNAMICS, LLC, d/b/a/ WESTERN PRODUCTS,

    Plaintiff,

v.

B & P SUPPLY, INC.,

    Defendant

MEMORANDUM
IN SUPPORT
OF OPPOSITION TO
PLAINTIFF'S MOTION
FOR SUMMARY
JUDGMENT

## I. *INTRODUCTION*

This is a collection action brought by an out-of-state manufacturer against a local distributor of snow and ice removal equipment. The Defendant, B & P, is and has been, at all relevant times, in the business of selling snow and ice removal equipment and components throughout the Western New England –Connecticut– Eastern New York area. B & P has been a distributor of Western snow and ice removal equipment for the past twenty-five (25) years. It sold no other snow removal equipment other than those supplied by Western. Throughout its twenty-five years of business, B & P built up and developed a significant customer following, and achieved an outstanding reputation and goodwill in the Western New England – Eastern New York area for its sale and service of snow and ice removal equipment. Suddenly, without any previous notice or warning, Western refused and/or neglected to supply B & P with snow and ice removal equipment which caused B & P to lose a significant amount of its business thereby causing it serious and substantial financial harm and damages. B & P alleges that Western's action toward B & P were with the design to limit competition in favor of another distributor

or a new Western distributor. As a result of Western's actions, B & P failed and/or did not pay for Western's invoice for B & P's purchase of snow and ice removal equipment and accessories between November of 2003 through March of 2004. At some point, Western brought this collection action against B & P alleging breach of contract for invoices totaling one hundred eighteen thousand seven hundred twenty-seven dollars and twelve cents ($ 118,727.12), and an "action on the price" totaling, once again, $118,727.12. B & P, in its Amended Answer, admitted to having purchased the snow and ice equipment and accessories between November of 2003 through March of 2004; however, it averred that it was legally justified in not paying for same and counterclaimed against Western for violation of the Sherman Act as well as violation of M.G. L. Chapters 93 and 93A.

## II.   *STANDARD OF REVIEW*

The function of Summary Judgment is "to pierce formal allegations of facts in the pleadings and to determine whether further exploration of the facts is necessary. See *Hahn v. Sargent, 523 F 2nd 461, 464 (1st Circuit 1975)*. A Motion For Summary Judgment may be granted if there are no genuine issues as to any material fact and the moving party merits a judgment under the applicable law. Federal Courts have interpreted this standard as stating that substantive law will determine what facts are material. See *Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986)*. Such facts must have the possibility of effecting the outcome of the case, and not be irrelevant or unnecessary, *Id.* If there is any genuine dispute over the facts that a reasonable jury could find for the party not moving for Summary Judgment, *i.e.* (the Defendant), then Summary Judgment is not warranted, *Id.*

## III. NATURE OF PLAINTIFF'S CLAIM

Western's complaint is based on breach of contract and an action on the price under M.G.L. Chapter 106 Sec. 2-105, 109, and 710. B & P, in its Amended Answer, admits to having purchased snow and ice removal equipment and accessories from Western between November of 2003 through March of 2004; however, B & P avers that it was legally justified for not paying the Plaintiff for same. Further, B & P never agreed to pay Western any interest or late fees on account of past due balances with Western. B & P, in its Counterclaim, alleges Western's actions and/or refusal to deal with B & P constituted a restraint of trade under the Sherman Act as well as violation of M.G. L. Chapters 93 and 93A.

First of all, under M.G. L. Chapter 93A, Sec. 11, that statute grants to any person who engages in trade or commerce and suffers a loss of money or property as a result of an unfair method of competition, or an unfair or deceptive act or practice, the right to bring an action, whether by original complaint, counter-claim, cross-claim, or third party action for damages or equitable relief. In cases involving unfair methods of competition, courts are to be guided by M.G. L. Chapter 93, the Massachusetts Antitrust Act. See *V. S. H. Realty, Inc. v. Texaco, Inc., 757 Fed. 2nd 411, (1st Circuit 1985)*. Such conduct includes anti-trust law violations such as anti-competitive boycotts, exclusive dealing arrangements, monopolization, and attempted monopolization, and certain divisions or allocations of markets between competitors. See *F. T. C. v. Brown Shoe Company, 384 U.S., 316 (1966)*. Anti-trust violations are actionable under Chapter 93A on the basis that they constitute unfair acts or practices. See *Ciardi v. F. Hoffmann-LaRoche, LTD., 436 Mass. 53 (2002)*.

## IV. *WESTERN IS NOT ENTITLED FOR SUMMARY JUDGMENT ON ITS CLAIM AGAINST B. & P. UNDER THE UNIFORM COMMERCIAL CODE.*

Western avers that its action against B & P is based on the sale of goods within the meaning of Article 2 of the U.C.C. Under Sec. 2-109, Western argues that it is entitled to recover the price of goods against B & P, since B & P had accepted the goods. But, under Section 2-309 (3):

> "*Termination of a contract by one party except on the happening of an agreed event requires that reasonable notification be received by the other party and an agreement dispensing with notification is invalid if its operation would be unconscionable.*"

Accepting Western's argument that there was never any written agreement between it and B & P, and that a franchise agreement did not exist between Western and B & P, then the dealings between the parties involved transactions in goods providing for periodic shipments of inventory by Western to B & P on an open account basis, for an indefinite but reasonable period of time. This created an unwritten distributorship agreement on an at-will basis; however, in Massachusetts every contract is still subject to an implied covenant of good faith and fair dealing. See *Anthony's Pier Four, Inc. v. H B C Assocs., 411 Mass 451, 473 (1991)*. Good faith and fair dealing in a distributorship agreement may be construed, by analogy, with reference to the Uniform Commercial Code. See *Zapatha v. Dairy Mart, Inc., 381 Mass 284, 291 (1980)*. M. G. L. Chapter 106, Section 2-309 (3) provides that a contract which is terminable at will of either party requires reasonable termination notice. See *Teitelbaum v.*

*Hallmark Cards, Inc.*, 25 Mass App. Ct 555, 560 (1988). Western failed to give reasonable notice. See *Chenick Distributors, Inc. v. Polar Corporation*, 41 Mass App. Ct. 125 (1996). The issue of the adequacy of notice of termination is, generally, a jury question. The reasonableness of notice of termination in agreements falling within Section 2-309 is measured in terms of the ability of the party affected (B & P) by termination to obtain a substitute arrangement. See *Official Comment 8 to Sec. 2-309*. Also, see *Zidell Explorations, Inc. v. Conval International Ltd*, 719 F 2nd 1465, 1473 (9th Circuit 1983). Cases have held that if the Defendant is unable to obtain another supplier without causing significant financial injury, then the Plaintiff has not furnished reasonable notice and will be responsible for damages. Put another way, the adequacy of the notice is generally coextensive with the amount of harm to the injured party. Once again, this is a question of fact for a jury to determine. B & P did incur harm for lack of a supplier. Arguably B & P is entitled to damages for lost profits as a result of not being able to obtain Western's inventory to retail to its customers.

Similarly, whether or not Western's conduct was unfair and deceptive is, generally, a matter of fact to be determined at trial. See *Spence v. Boston Edison Company*, 390 Mass. 604, 616 (1983).

## V.   WESTERN IS NOT ENTITLED TO SUMMARY JUDGMENT ON B & P'S COUNTERCLAIM.

B & P's Counterclaim is for Western's violation of M.G.L. Chapters 93 and 93A. Chapter 93 is the Massachusetts Antitrust Statute. In the context of a refusal to deal, it permits recovery if Western's refusal to deal was based upon a purpose to create and/or maintain a monopoly. See *P. M. P. Associates, Inc. v. Globe Newspaper Company*, 366 Mass. 593 (1975). B & P's Counterclaim,

in Paragraph 7, alleges that Western refused and/or neglected to supply B & P with snow and ice removal equipment which caused B & P to lose a significant amount of its business, causing it serious and substantial financial harm and damages. It also alleges that Western took advantage of B & P to a grossly unfair degree. Lastly, in Paragraph 11, B & P alleges that " Western's refusal to deal, and other unlawful conduct, was the producing cause of damages to B & P including, but not limited to, loss of its ice and snow removal business and goodwill. The Affidavit of Peter A. Dus, President of B & P, evidences Western's conduct and refusal to deal with B & P. Western even objected to answer B & P's Interrogatory requesting information about Western's refusal to deal. This creates an issue of fact to be determined by the jury. As such, it is not appropriate for summary judgment. See *Brown Shoe Co. v. United States 370 U.S. 294 (1962)*. Accordingly B & P has, at a minimum, alleged facts that satisfies the initial burden that Western's behavior had an actual adverse effect on competition as a whole in the relevant market. See *Geneva Pharmaceuticals v. Barr Labs, Inc. 386 Fed. 3rd 485 (2nd Cir. 204)*. Moreover, the Dus Affidavit, in addition to proving individual harm to having been inflicted on B & P, recites that there has been damage to the New England market in general. As such B & P has standing to object to Western's behavior, and prosecute a claim for violation of the Sherman Act.

  B & P additionally alleges violation of Chapter 93A. For whatever reason, Western's Motion For Summary Judgment does not specifically request or address this allegation. Once again, since B & P alleges that Western's refusal to deal was motivated by a monopolistic purpose, or a concerted effort to hinder free trade, then the Defendant's refusal constitutes an unfair trade or business practice under Chapter 93A. See *P. M. P. Associates Inc. v. Globe Newspaper Co. 366 Mass. 593 (1975)*. Under Chapter 93A, unfair methods of competition and unfair or deceptive acts or practices in the

conduct of any trade or commerce are declared unlawful. A Plaintiff such as B & P need not prove common law or statutory clauses of action, such as for violation of Chapter 93, as a basis for Chapter 93A recovery. See *Refuse and Environmental Systems, Inc. v. Industrial Services of America*, 732 F Supp 1209 (District Court of Mass. 1990); *General Electric Co. v. Lyon*, 894 Fed. Supp 544 (District Mass. 1995). The Supreme Judicial Court has interpreted Chapter 93A more expansively than violations under federal anti-trust laws. See *Ciardi v. Hoffmann -LaRoche, Ltd.* 436 Mass. 53 (2002). The S.J.C has concluded that a refusal to deal, together with a showing of monopolistic purpose or concerted effort to hinder free trade is an unfair trade purpose under Chapter 93A. See *P. M. P. Associates, Inc. v. Globe Newspaper, Co.* 366 Mass. 593 (1975).

## VI. CONCLUSION

For the reasons mentioned above, the Defendant B & P Supply Inc. respectfully requests this Honorable Court to DENY the Plaintiff's Motion For Summary Judgment, both on its complaint as well as on the Defendant's counterclaims.

Dated: August 4, 2005

B & P Supply, Inc.
By Its Attorney,

Jack E. Houghton, Jr.
78 Bartlett Avenue
Pittsfield, MA 01201
(413) 447-7385
B.B.O. # 241040

## CERTIFICATE OF SERVICE

I, Jack E. Houghton, Jr. hereby certify that I have, this 4th day of August, 2005 served the within Memorandum In Support Of Opposition To Plaintiff's Motion For Summary Judgment, by mailing same to the Attorney For the Plaintiff, Christopher R. Drury, Esq., Pierce Atwood LLP, One Monument Square, Portland, ME 04101, by first class mail, postage prepaid.

_____
Jack E. Houghton, Jr.
78 Bartlett Avenue
Pittsfield, MA 01201
(413) 447-7385
BBO#: 241040