UNITED STATED DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
DOCKET NO:
04-CV-11467 MAP

DOUGLAS DYNAMICS, LLC, d/b/a/ WESTERN PRODUCTS,

        Plaintiff,

v.

B & P SUPPLY, INC.,

        Defendant

**DEFENDANT'S REPLY TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

Now comes the Defendant B & P Supply, Inc. ("B & P") in the above-entitled matter and submits the following in REPLY to the Plaintiff's Statement of Undisputed Material Facts In Support Of Its Motion For Summary Judgment:

1. Admit.

2. Admit.

3. B & P is without information sufficient to form a belief as to the truth or veracity of the allegations contained Paragraph 3 of the Plaintiff's Statement of Undisputed Material Facts.

4. B & P is without information sufficient to form a belief as to the truth or veracity of the allegations contained Paragraph 4 of the Plaintiff's Statement of Undisputed Material Facts.

5. B & P is without information sufficient to form a belief as to the truth or veracity of the allegations contained Paragraph 5 of the Plaintiff's Statement of Undisputed Material Facts.

6. B & P is without information sufficient to form a belief as to the truth or veracity of the allegations contained Paragraph 6 of the Plaintiff's Statement of Undisputed Material Facts.

1

7. Admit.

8. Deny. B & P admits that it entered into a consensual agreement with Western in 1982 to buy Western products for resale to consumers.

9. Admit.

10. Admit.

11. Deny. B & P admits that it received Western products between November of 2003 and March of 2004; however, Western's total of one hundred eighteen thousand seven hundred twenty-seven dollars and twelve cents ($ 118,727.12) is inaccurate in that it does not allow for returns and includes unlawful finance charges.

12. Deny. Exhibit "A" attached to the Declaration of Michael Schaut is not a business record as it was prepared in anticipation of or during the course of litigation with the Defendant.

13. B & P is without information sufficient to form a belief as to the truth or veracity of the allegations contained Paragraph 13 of the Plaintiff's Statement of Undisputed Material Facts.

14. B & P is without information sufficient to form a belief as to the truth or veracity of the allegations contained Paragraph 14 of the Plaintiff's Statement of Undisputed Material Facts.

15. B & P is without information sufficient to form a belief as to the truth or veracity of the allegations contained Paragraph 15 of the Plaintiff's Statement of Undisputed Material Facts. B & P admits to receiving invoices from Western; however, at no time did it agree to pay any late fees on past due accounts nor does Western invoice "clearly" state and explain what the late fees/interest would be imposed on past due accounts.

16. Deny.

17. Deny.

18. Deny.

19. Deny.

20. B & P is without information sufficient to form a belief as to the truth or veracity of the allegations contained Paragraph 20 of the Plaintiff's Statement of Undisputed Material Facts.

21. Deny. The document speaks for itself; however, B & P never agreed to Western's terms of sale.

22. Deny. B & P never agreed to Western's terms of sale.

23. Deny. B & P admits to having conversations with Western about its relationship, but never received any satisfactory explanation of why Western, suddenly and without basis, terminated its relationship with B & P. Additionally, Western failed and/or was unable to deliver product to B & P in a timely fashion.

24. Deny.

25. B & P admits to having conversation with Karen Gutknecht; however, Gutknecht refused and/or never provided B & P with a satisfactory explanation and/or excuse as to why Western terminated its relationship with B & P and/or failed to deliver product in a timely fashion.

26. B & P admits to having conversation with Robert Hannum; however, Hannum refused and/or never provided B & P with a satisfactory explanation and/or excuse as to why Western terminated its relationship with B & P and/or failed to deliver product in a timely fashion.

27. B & P admits to having conversation with Robert Young however, Young refused and/or never provided B & P with a satisfactory explanation and/or excuse as to why Western terminated its relationship with B & P and/or failed to deliver product in a timely fashion

28. B & P admits to having conversation with Dan Bousman and Robert Young; however, Bousman and Young refused and/or never provided B & P with a satisfactory explanation and/or excuse as to why Western terminated its relationship with B & P and/or failed to deliver product in a timely fashion.

29. B & P admits to having conversation with Karen Gutkneecht; however, Gutkneecht refused and/or never provided B & P with a satisfactory explanation and/or excuse as to why Western terminated its relationship with B & P and/or failed to deliver product in a timely fashion.

30. B & P admits to having conversation with Robert Hannum; however, Hannum refused and/or never provided B & P with a satisfactory explanation and/or excuse as to why Western terminated its relationship with B & P and/or failed to deliver product in a timely fashion.

31. B & P admits to receiving a letter from Robert Young at Western; however, the letter evidences conversations between B & P and Western that confirms inability and/or refusal to provide Western equipment to B & P in a timely fashion thereby causing B & P significant financial injury.

32. Admit.

33. The April 13, 2004 letter speaks for itself. Western's offer to take a cash discount was in the nature of an offer in compromise and, therefore, not admissible. On this basis B & P objects to this fact as material. On several occasions, B & P made offers to Western to resolve this controversy; however, Western adamantly refused to take anything less then what it claimed to been owed.

34. Deny. Western did not accept B & P's offer to payoff B & P's account.

35. Admit; however, B & P was not lawfully obligated to pay for Western's invoices based on Western's unconscionable and unlawful conduct.

36. Deny.

37. Western terminated its relationship with B & P; therefore, B & P could not purchase any additional product from Western after April 9, 2004. Western failed to give B & P adequate notice of the termination of its relationship.

38. Deny. B & P never agreed nor was it aware of Western's terms of sale as indicated on Exhibit "C" of the Declaration of Michael J. Schaut.

39. B & P is without information sufficient to form a belief as to the truth or veracity of the allegations contained Paragraph 39 of the Plaintiff's Statement of Undisputed Material Facts. In any event B & P never agreed to the imposition of any late fees on B & P's accounts.

40. B & P is without information sufficient to form a belief as to the truth or veracity of the allegations contained Paragraph 13 of the Plaintiff's Statement of Undisputed Material Facts. In any event, B & P never agreed to the imposition of any interest on B & P's accounts.

Dated: August 4, 2005

The Defendant
By His Attorney:

_____
Jack E. Houghton, Jr.
78 Bartlett Avenue
Pittsfield, MA 01201
(413) 447-7385
B.B.O. # 241040

4

## CERTIFICATE OF SERVICE

I, Jack E. Houghton, Jr. hereby certify that I have, this 4th day of August, 2005 served the within Defendant's Reply To Plaintiff's Statement Of Undisputed Material Facts In Support Of Its Motion For Summary Judgment, by mailing same to the Attorney For the Plaintiff, Christopher R. Drury, Esq., Pierce Atwood LLP, One Monument Square, Portland, ME 04101, by first class mail, postage prepaid.

Jack E. Houghton, Jr.
78 Bartlett Avenue
Pittsfield, MA 01201
(413) 447-7385
BBO#: 241040