UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Douglas Dynamics, LLC, d/b/a/ Western Products,<br><br>      Plaintiff,<br><br>v.<br><br>B&P SUPPLY, INC.,<br><br>      Defendant | CIVIL ACTION<br>Docket No: 3:04-cv-11467-MAP |

**PLAINTIFF'S MOTION TO STRIKE CERTAIN PORTIONS OF THE AFFIDAVIT OF
PETER DUS WITH INCORPORATED MEMORANDUM OF LAW**

   Pursuant to Federal Rule of Civil Procedure 7(b)(1), Plaintiff Douglas Dynamics, LLC, d/b/a/ Western Products ("Western") moves to strike certain portions of the Affidavit of Peter Dus filed by Defendant B&P Supply, Inc. ("B&P") in support of its opposition to Western's motion for summary judgment.

**Introduction**

   On July 15, 2005, Western filed a motion for summary judgment in its favor on its claims against B&P and on B&P's counterclaim against Western. On Friday, August 5, 2005, B&P filed an opposition to Western's motion for summary judgment. In support of its opposition, B&P filed the affidavit of Peter Dus (the "Dus Affidavit"). As noted in Western's reply memorandum in support of its motion for summary judgment, B&P failed to comply with the requirements of Local Rule 56.1 and the Court should therefore disregard the Dus Affidavit and deem Western's statement of undisputed material facts admitted in its entirety. In addition, the Court should also strike certain portions of the Dus Affidavit because they are conclusory, lack foundation, and are not based on personal knowledge.

In its counterclaim, B&P alleged that Western's refusal to deal with B&P constituted an unlawful restraint of trade in violation of Sections 1 and 2 of the Sherman, the Massachusetts Antitrust Act, and the Massachusetts Unfair Trade Practices Act.  In order to prevail on its counterclaim, B&P must prove that Western's conduct had an actual adverse effect on competition as a whole in a relevant market.  *See Geneva Pharmaceuticals v. Barr Labs. Inc.*, 386 F.3d 485, 506-07 (2nd Cir. 2004).  B&P must also prove that Western contracted, combined, or conspired with another entity to restrain trade in violation of Section 1 of the Sherman Act, that Western has monopoly power in a relevant market, and that Western had the specific intent to monopolize the relevant market.  B&P, however, failed to take any discovery from Western on these critical elements of its Sherman Act claims or even designate an expert witness to define the relevant market or testify about antitrust economics.  Accordingly, B&P was forced to rely on the affidavit of Peter Dus, its President and Treasurer, to overcome its failure to identify a relevant market and obtain specific factual information regarding Western's alleged anticompetitive conduct.  Many of the statements in the Dus Affidavit are conclusory, lack foundation, are not based on personal knowledge, and are otherwise inadmissible.  Western therefore respectfully requests that the Court strike those portions of the Dus Affidavit identified herein.

**ARGUMENT**

**THE COURT SHOULD STRIKE THE PORTIONS OF THE DUS AFFIDAVIT THAT ARE CONCLUSORY, LACK FOUNDATION, ARE NOT BASED ON PERSONAL KNOWLEDGE, AND ARE OTHERWISE INADMISSIBLE.**

It is well settled that the non-moving party must come forward with admissible evidence to oppose summary judgment and may not rest "merely upon conclusory allegations, improbable inferences, and unsupported speculation to avoid summary judgment." *Hodgens v. General*

*Dynamics Corp.,* 144 F.3d 151, 167 (1st Cir. 1998).  Rule 56(e) expressly states that, "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."  Moreover, "to successfully oppose a properly supported motion for summary judgment, the non-moving party must demonstrate *specific* facts which establish a genuine issue for trial.  Vague and conclusory statements in an affidavit do not meet the specificity requirement of Federal Rule 56."  *See Posadas de Puerto Rico, Inc. v. Radin*, 856 F2d 399, 401 (1st Cir. 1988) (citation omitted; emphasis is court's); *BankOklahoma Mortgage Corp. v. Capital Title Co.*, 194 F.3d 1089, 1101 (10th Cir. 1999) ("While an affidavit is certainly an appropriate vehicle to establish a fact for summary judgment purposes, the affidavit must set forth facts, not conclusory statements").

The Dus Affidavit contains many statements that are conclusory, are not based on personal knowledge, and otherwise fail to establish any minimal level of foundation necessary to show affirmatively that Mr. Dus is competent to testify on the matters stated therein.  As such, they should be struck.  For example, the statement that "Western, during that time [from 2003 to 2004], sought to take sole control and dominate the snow and ice removal product industry in New England and Eastern New York State," is conclusory, not based on personal knowledge, speculative, and lacks foundation.  The Dus Affidavit does not provide any foundation or explanation as to how Mr. Dus would have personal knowledge regarding Western's alleged intent to dominate the market for snow and ice removal equipment in New England and Eastern New York.

The statement "Western knew of B&P's dependency and need for genuine Western parts and components" also lacks foundation, is speculative, and not based on personal knowledge.

Again, the Dus Affidavit does not provide any basis or explanation regarding how Mr. Dus was in a position to know whether Western actually knew of B&P's alleged dependency and need for Western parts and components.

The statements "I believe that, at some point, Western made the conscious decision to favor and supply a regional competitor, and stop supplying me with its product" and "I believe this, along with other acts, had the effect of stifling competition in the snow and ice removal equipment industry" are both conclusory and speculative. Ms. Dus's personal beliefs are immaterial and irrelevant and are not sufficient to prove that Western's conduct had a negative effect on competition. Mr. Dus does not identify the regional competitor that Western allegedly favored, or the other acts that allegedly had the effect of stifling competition in the snow and ice removal equipment industry. The Dus Affidavit does not explain how Mr. Dus could have personal knowledge regarding the effect, if any, that Western's alleged interactions with a regional competitor might have on competition as a whole.

The statement "Notwithstanding this, Western, suddenly and without any warning or notice, failed to deliver its inventory to me in the fall of 2003" is contradicted by B&P's admission that it purchased and accepted snow and ice removal equipment and accessories from Western during the period from November 2003 through March 2004.

Finally, the statement "eventually, I found out that Western offered a distributorship/right to sell to a competitor in Pittsfield which was in my former territory, which had a direct and severe financial impact upon my business" is conclusory, and lacks foundation. Mr. Dus does not explain how he has personal knowledge as to whether Western even offered a distributorship/right to sell to a competitor in Pittsfield and how such an offer, if it were made, had a direct and severe financial impact upon his business.

## **CONCLUSION**

For all of the reasons stated herein, Western respectfully requests that the Court strike the above identified portions of the Dus Affidavit.


Dated: August 18, 2005         /s/ Christopher R. Drury
                               Christopher R. Drury, Mass. Bar No. 181400
                               cdrury@pierceatwood.com

                               Jeffrey M. White, Maine Bar No. 1287
                               jwhite@pierceatwood.com

                               PIERCE ATWOOD
                               One Monument Square
                               Portland, ME  04101
                               207-791-1100

                               *Attorneys for Plaintiff Douglas Dynamics, LLC
                               d/b/a/ Western Products*

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2005, I electronically filed **PLAINTIFF'S MOTION TO STRIKE CERTAIN PORTIONS OF THE AFFIDAVIT OF PETER DUS WITH INCORPORATED MEMORANDUM OF LAW** with the Clerk of Court using the CM/ECF system, which will serve notice to the following

        Jack E. Houghton, Jr.
        78 Bartlett Avenue
        Pittsfield, MA 01201
        (413) 447-7385
        jhoughtonjr@aol.com

DATED: August 18, 2005

        /s/ Christopher R. Drury
        Christopher R. Drury
        cdrury@piercatwood.com

        PIERCE ATWOOD LLP
        One Monument Square
        Portland, ME 04101
        (207) 791-1100

        *Attorney for Plaintiff Douglas Dynamics, LLC*
        *d/b/a/ Western Products*