UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOUGLAS DYNAMICS, LLC,          )
d/b/a Western Products,         )
    Plaintiff                   )
                                )
          v.               ) CIVIL ACTION NO. 04-11467-MAP
                                )
B&P SUPPLY, INC.,               )
        Defendant            )

MEMORANDUM AND ORDER REGARDING
PLAINTIFF'S MOTIONS FOR SUMMARY
JUDGMENT AND TO STRIKE
(Docket Nos. 30, 41)

October 18, 2005

PONSOR, U.S.D.J.

This is an action brought under the Uniform Commercial Code and under a theory of common law breach of contract, seeking damages for snow and ice removal equipment and accessories delivered by the Plaintiff to the Defendant but never paid for.  The Defendant filed counterclaims pursuant to the Sherman Anti-trust Act and Mass. Gen. Laws ch. 93A.

Plaintiff has now moved for summary judgment, both on its complaint and on the Defendant's counterclaim.  In support of its motion, Plaintiff filed a statement as required by Local Rule 56.1, containing detailed citations to the record.  Defendant filed a counter-statement, but failed to include any citations to the record, in violation of Local Rules 56.1.  Plaintiff filed a Motion to Strike the affidavit of Defendant's president and treasurer, Peter Dus,

on the ground that it was largely composed of speculation and evidence not based upon the affiant's personal knowledge.  No opposition was filed to this motion.

On the date set for argument on the Motion for Summary Judgment, Plaintiff's counsel appeared, but defense counsel did not appear.

At the conclusion of the oral presentation by Plaintiff's counsel, the court allowed the Motion for Summary Judgment, and indicated it would be ordering entry of judgment for the Plaintiff on both counts of its complaint in a total amount of $118,727.12, plus finance charges and possible attorney's fees, which would be considered upon submission by the Plaintiff of a supplemental memorandum by November 4, 2005.

The reasons for entry of summary judgment were detailed by the court orally following argument but may be summarized briefly, as follows.  First, as a procedural matter, the Defendant has failed to file a statement of undisputed facts as required as required by Local Rule 56.1.  Under these circumstances, the court has deemed the facts set forth in the Plaintiff's statement as true for purposes of the Motion for Summary Judgment.  Moreover, the substantive defects in the Dus affidavit, as well as Defendant's counsel's failure to oppose Plaintiff's motion to strike the affidavit,

prevent the court from considering that affidavit in any way.  It has been ordered stricken.  Given the absence of any cognizable defense offered to the Motion for Summary Judgment, the motion will be allowed.

Moreover, substantively, the Motion for Summary Judgment is entirely meritorious.  The Defendant has, in effect, fully admitted that it received the goods specified by the Plaintiff and has not paid for them.  Although the Defendant in its memorandum attempted to quibble with the precise amount owed, no factual evidence was offered in opposition to the Plaintiff's claim that the amount due is $118,727.12.  Under these circumstances, the court is fully entitled to enter judgment for the Plaintiff in that amount.  Defendant's counterclaims are entirely without merit.  The pleadings themselves fail to set forth a claim under the Sherman Act, and the claim under Mass. Gen. Laws ch. 93A failed on a number of grounds.  First, the facts of record entirely rebut any claim by the Defendant that the Plaintiff refused to do business with it.  Moreover, no legal authority is offered for the proposition that the Plaintiff was required to do business with the Defendant, in any event.

For the foregoing reasons, the Plaintiff's Motion for Summary Judgment (Docket No. 30) and Motion to Strike

(Docket No. 41) are hereby ALLOWED.  The clerk will enter judgment for Plaintiff in the amount of $118,727.12.  This amount will be supplemented by finance charges and possibly attorney's fees to be specified in a supplemental memorandum from the Plaintiff to be filed no later than November 4, 2005.

It is So Ordered.


/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge