UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Douglas Dynamics, LLC, d/b/a Western Products,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>B&P SUPPLY, INC.,<br><br>　　　　　　　　Defendant | CIVIL ACTION<br>Docket No: 3:04-cv-11467-MAP |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO VACATE ORDER FOR SUMMARY JUDGMENT AND TO STRIKE AFFIDAVIT OF PETER DUS**

Plaintiff Douglas Dynamics, LLC, d/b/a Western Products ("Western") files this Memorandum in Opposition to Defendant's Motion to Vacate Order for Summary Judgment and to Strike Affidavit of Peter Dus.

**FACTUAL STATEMENT**

Western filed its Motion for Summary Judgment (the "Motion") on July 15, 2005. The Motion was properly supported by Plaintiff's Statement of Undisputed Material Facts ("SMF") and the Declaration of Michael J. Schaut. Defendant, B&P Supply, Inc. ("B&P"), filed an Opposition to the Motion, a Memorandum in Support, a Reply to Plaintiff's Statement of Undisputed Material Facts (the "Reply to SMF") and the Affidavit of Peter A. Dus. As noted in Western's Reply to the Opposition, B&P did not comply with the requirements of Local Rule 56.1 in its Reply to SMF, as it did not contain any citations to affidavits, depositions or other documentation. In addition, portions of the Dus Affidavit are conclusory, lack foundation, are not based on personal

knowledge or are otherwise inadmissible, and Western thus filed a Motion to Exclude them.

On August 12, 2005, the Court notified the parties that a hearing on the Motion was scheduled for 2:30 p.m. on October 14, 2005. Counsel for Western traveled from Portland, Maine to Springfield and back to attend the hearing on that day. B&P's counsel did not appear.

## ARGUMENT

The Court's order granting summary judgment in favor of Western, and its ruling concerning the Motion to Exclude should not be vacated or "reconsidered". Western presented undisputed material facts which entitled it to judgment as a matter of law, both on its complaint and on B&P's counterclaims. The Court properly concluded that Defendant failed to file a counter-statement of undisputed material facts which complied with Local Rule 56.1, and then properly deemed the facts contained in Western's statement of materials facts as true for purposes of the Motion for Summary Judgment. B&P has offered no new evidence which would allow the Court to reach any other conclusion.

Moreover, Western's Motion to Exclude portions should have been granted, both on the merits (as addressed in the Western's supporting memorandum), and for the reason that B&P never filed any opposition to the motion.

Oral argument by B&P's counsel would not have affected this outcome. Since argument of counsel is not evidence, B&P could not have introduced disputed material facts into the summary judgment process by way of oral argument. In short, there is nothing that B&P's counsel could have said or done at oral argument which would have

altered the inevitable granting of summary judgment. Not only would there be no utility to reconsidering the Court's Order on Summary Judgment on the same record, it would impose undue burden and expense on Western to have its counsel travel a second time from Portland, Maine to Springfield, Massachusetts and back to attend an argument which could not affect the outcome.

Finally, excusable mistake or inadvertence has not been shown. The granting of a motion for relief from an Order under Rule 60(b) is discretionary with the Court. Mr. Houghton's asserted incorrect entry of the hearing date in his diary does not rise to the level of excusable neglect which should cause the Court to exercise its discretion to hold another hearing where additional argument would not change the result.

DATED: November 2, 2005            /s/ Jeffrey M. White
                                                Jeffrey M. White

                                                PIERCE ATWOOD
                                                One Monument Square
                                                Portland, ME 04101
                                                (207) 791-1100
                                                jwhite@pierceatwood.com

                                                *Attorney for Plaintiff Douglas Dynamics, LLC d/b/a/ Western Products*.

## CERTIFICATE OF SERVICE

    I hereby certify that on November 1, 2005, I electronically filed **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO VACATE ORDER FOR SUMMARY JUDGMENT AND TO STRIKE AFFIDAVIT OF PETER DUS** with the Clerk of Court using the CM/ECF system, which will send notification of such filing(s) to the following:

                                                                Jack E. Houghton, Jr.
                                                               78 Bartlett Avenue
                                                               Pittsfield, MA 01201
                                                               (413) 447-7385
                                                               jhoughtonjr@aol.com

DATED:  November 2, 2005

                                                              /s/  Jeffrey M. White
                                                              Jeffrey M. White

                                                              PIERCE ATWOOD
                                                              One Monument Square
                                                              Portland, ME   04101
                                                             (207) 791-1100
                                                             jwhite@pierceatwood.com

                                                            *Attorney for Plaintiff Douglas Dynamics, LLC d/b/a/ Western Products*