UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Douglas Dynamics, LLC, d/b/a Western Products,<br><br>      Plaintiff,<br><br>v.<br><br>B&P SUPPLY, INC.,<br><br>      Defendant | CIVIL ACTION<br>Docket No: 3:04-cv-11467-MAP |

### SUPPLEMENTAL MEMORANDUM CONCERNING INTEREST AND ATTORNEYS FEES

Pursuant to the Court's Memorandum and Order regarding Plaintiff's Motion for Summary Judgment and to Strike, dated October 15, 2005, Plaintiff Douglas Dynamics, LLC, d/b/a Western Products ("Western") files this Supplemental Memorandum Concerning Interest and Attorneys Fees.

### INTEREST

The Court has granted judgment to Western in the amount of $118,727.12. The terms of sale governing those purchases for product sold to B&P Supply, Inc. ("B&P") provide for a 1.5% service charge per month on amounts overdue and unpaid (Western's Statement of Undisputed Material Facts ("SMF"), ¶ 8). As of July 15, 2005, unpaid interest in the amount of $29,171.10 had accrued with respect to the unpaid amount of $118,727.12. (SMF, ¶ 40). Interest at the rate of 1.5% per month after July 15, 2005 to the date of the judgment, October 18, 2005, must be added to that amount. Additional interest due is calculated as follows:

  3.1 months x 1.5% x $118,727.12 = $5,520.81

Thus, the total amount of interest due, which should become part of the judgment, is:

$29,171.01 + $5,520.81 = **$34,691.91**

## ATTORNEYS FEES

A.   **Western's Entitlement to Its Attorneys Fees.**

Western is entitled to payment of its attorneys' fees in this action pursuant to Western's Credit Policy which provides:

> "Any account referred to an outside attorney for collection will be charged, and you agree to pay, all reasonable costs of collection".

(Declaration of Michael J. Schaut In Support of Plaintiff's Motion for Summary Judgment ("Schaut Dec.", Exhibit C).  Western provided B&P with copies of the Credit Policy annually since at least 2002 (Schaut Dec., ¶ 11).  In addition, the invoice for every sale to B&P noted that all sales were subject to the Credit Policy (Schaut Dec., ¶10 and invoices at Exhibit B, thereto).  Western's Terms of Sale also state that:

> "all product orders are subject to our acceptance and the terms of our standard credit policy and warranty manual, copies of which have been provided to you or are available upon your request, the terms of which are incorporated herein by reference".

(Schaut Dec., Exhibit C).  B&P does not deny having received a copy of the Credit Policy.  (*See generally,* Affidavit of Peter A. Dus, submitted in opposition to Western's Motion for Summary Judgment).  Even if it had done so, the reference in Western's invoices, making sales subject to the Credit Policy, were sufficient to place B&P on notice that the policy was applicable to all sales made to it.

{W0413310.1}   2

### B. The Amount of Western's Attorneys' Fees.

Absent a statutory mandate to the contrary, the First Circuit employs the "loadstar" method to determine whether the amount of fees requested by an attorney is reasonable. *See, e.g., Weinberger v. Great Northern Nekoosa Corp.,* 925 F.2d 518, 527 (1st Cir. 1991). Under this analysis, a reasonable amount of fees is the product of a reasonable hourly rate and the number of hours reasonably spent on the litigation. *Id.* A reasonable hourly rate is the prevailing rate in the community for an attorney with similar experience and qualifications. *Id.* The Court determines a reasonable number of hours by considering whether the submitted time is duplicative, unproductive or excessive. *Id.* Once a Court has calculated the loadstar, it is has subjective discretion to alter the fee award, aided by consideration of the following factors: the time and labor involved; the novelty and difficulty of the question presented; the skill required to perform the legal services; the preclusion of other employment by the attorney due to acceptance of the case; the customary fee in the community; whether the fee is fixed or contingent; time limitations imposed by the client or circumstances; the amount involved and the result obtained; the experience, reputation and ability of the attorney; the undesirability of the case; the nature and length of the professional relationship of the client; and awards in similar cases. *Id.*

The Affidavit of Jeffrey M. White, Esq. submitted with this memorandum, establishes a reasonable hourly rate of $275 for his services and of $145 for the services of Christopher R. Drury. The Affidavit also establishes that a reasonable number of hours was expended, and that the submitted time is not duplicative, unproductive or excessive. The requested amount of fees of $18,200 is reasonable.

Western respectfully submits that the Court need not alter this amount after consideration of other lodestar factors identified above, as they neither militate in favor of an increase or a reduction in fees. The case did not present novel issues of law, but basic antitrust expertise was required in addressing B&P's counterclaims under Section 1 and 2 of the Sherman Act. Indeed, much of the time spent by Western's counsel was devoted to dealing with the counterclaims, which the Court ultimately dismissed on summary judgment. In a very real sense, B&P itself generated much of the legal fees incurred by Western by asserting counterclaims that were ultimately determined to be without merit. The judgment represents a complete recovery to Western of all amounts sought in the action. Most of the other factors are inapplicable to this case or do not seem to weigh much in the assessment to the extent they are applicable.

In light of the foregoing, the Court should approve Western's request for award of attorneys fees in the amount of $18,200 .

DATED: November 4, 2005          /s/ Jeffrey M. White
                                 Jeffrey M. White

                                 PIERCE ATWOOD
                                 One Monument Square
                                 Portland, ME  04101
                                 (207) 791-1100
                                 jwhite@pierceatwood.com

                                 *Attorney for Plaintiff Douglas Dynamics, LLC d/b/a/ Western Products*.

**CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2005, I electronically filed **SUPPLEMENTAL MEMORANDUM CONCERNING INTEREST AND ATTORNEYS FEES** with the Clerk of Court using the CM/ECF system, which will send notification of such filing(s) to the following:

                                            Jack E. Houghton, Jr.
                                            78 Bartlett Avenue
                                            Pittsfield, MA 01201
                                            (413) 447-7385
                                            jhoughtonjr@aol.com

DATED:  November 4, 2005

                                            /s/  Jeffrey M. White
                                            Jeffrey M. White

                                            PIERCE ATWOOD
                                            One Monument Square
                                            Portland, ME   04101
                                            (207) 791-1100
                                            jwhite@pierceatwood.com

                                            *Attorney for Plaintiff Douglas Dynamics, LLC d/b/a/ Western Products*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Douglas Dynamics, LLC, d/b/a Western Products,<br><br>                    Plaintiff,<br><br>        v.<br><br>B&P SUPPLY, INC.,<br><br>                    Defendant | CIVIL ACTION<br>Docket No: 3:04-cv-11467-MAP |

**AFFIDAVIT OF JEFFREY M. WHITE, ESQ.
IN SUPPORT OF APPLICATION FOR ATTORNEYS FEES**

I, Jeffrey M. White, Esq. do hereby state as follows:

1.  I am an attorney, duly admitted to practice in the State of Maine and the United States District Court for the District of Maine in 1975.  I am also admitted to practice before the United States First Circuit Court of Appeals.  I am a partner in the Portland, Maine law firm of Pierce Atwood.  I represent the Plaintiff Douglas Dynamics, LLC, d/b/a, Western Products ("Western") in the above captioned action.  I have been admitted to practice pro haec vice in this action, in association with Christopher R. Drury, who until recently was an associate at Pierce Atwood.  Mr. Drury did most of the work in the case under my supervision.

2.  My practice has principally involved litigation of cases in state and federal courts, and handling antitrust matters, for more than 29 years.  I have tried dozens of jury and nonjury cases to conclusion.  While I have litigated cases of many kinds, my principal focus has been on a commercial, business, antitrust and intellectual property litigation.  I am the head of Pierce Atwood's litigation group, and am recognized in The

{W0413706.1}

Best Lawyers in America in the Areas of Business Litigation and Antirust.  My usual hourly rate, charged in connection with this case, was $275 per hour.  Based on my knowledge and experience, I believe that rate is equal to the prevailing rate in Portland, Maine for lawyers of similar experience, expertise and skill, and believe it is at or below the rates charged in Massachusetts by lawyers of similar experience, expertise and skill.  I believe it is a fair and reasonable rate for my services in this case.

      3.  Christopher Drury graduated form Boston College School of Law in May 2002 and joined Pierce Atwood as an associate in September 2002.  He was admitted to practice law in Maine and Massachusetts in 2002.  He was assigned to the Pierce Atwood litigation group, and from his association with the firm was principally involved in litigation of civil cases in state and federal courts.  Chris Drury's usual hourly rate, charged in connection with this case, was $145 per hour.  Based on my knowledge and experience, I believe that rate is equal to the prevailing rate in Portland, Maine for lawyers of similar experience, expertise and skill, and believe it is at or below the rates charged in Massachusetts by lawyers of similar experience, expertise and skill.  I believe it is a fair and reasonable rate for his services in this case.

      4.  Attached hereto as Exhibit A is a statement of the time and services, based on Pierce Atwood's time and billing system, provided by Christopher Drury and me in the conduct of this action.  The billing system contemporaneously records time spent by lawyers on a matter and their description of the services related to that time.  All services in Exhibit A were devoted to the collection of the amounts due from B&P Supply, Inc. ("B&P") to Western and the defense of the counterclaims asserted by B&P in an effort to avoid collection of those amounts.  In preparing Exhibit A, I did not include any time

entries which I thought could even possibly be argued to be duplicative, unproductive or excessive in any way.  I thus believe the time and services reflected in Exhibit A were both necessary for the prosecution and defense of the case and reasonable.

5. As shown in Exhibit A the value of the submitted services I charged in this case is $3,410, and the value of the submitted services of Mr. Drury is $14,790, for a total of $18,200.  Based on the foregoing, I believe that amount represents a reasonable amount of fees in light of the nature of this action, the efforts involved, the result obtained (judgment in the full amount sought), and the counterclaims asserted by B&P.

I declare, under penalty of perjury, that the foregoing is true and correct.

Dated:  November 4, 2005.

/s/  Jeffrey M. White_____

Jeffrey M. White, Esq.

**CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2005, I electronically filed the **AFFIDAVIT OF JEFFREY M. WHITE, ESQ. IN SUPPORT OF APPLICATION FOR ATTORNEYS FEES** with the Clerk of Court using the CM/ECF system, which will send notification of such filing(s) to the following:

                                      Jack E. Houghton, Jr.
                                      78 Bartlett Avenue
                                      Pittsfield, MA 01201
                                      (413) 447-7385
                                      jhoughtonjr@aol.com

DATED:  November 4, 2005

                                      /s/  Jeffrey M. White
                                      Jeffrey M. White

                                      PIERCE ATWOOD
                                      One Monument Square
                                      Portland, ME   04101
                                      (207) 791-1100
                                      jwhite@pierceatwood.com

                                      *Attorney for Plaintiff Douglas Dynamics,*

                                      *LLC d/b/a/ Western Products*

## EXHIBIT A

## TO AFFIDAVIT OF JEFFREY M. WHITE, ESQ.
## IN SUPPORT OF APPLICATION FOR ATTORNEYS FEES

### Legal Services Provided by Pierce Atwood In Connection With
### Douglas Dynamics, LLC d/b/a Western Products, Inc. v. B& P Supply

```
4/29/04  CRD    3.60  Review and analyze file for the purpose of
                      preparing a complaint against B&P Supply;
                      conduct research re elements of a cause of action
                      for collecting on a statement of account; conduct
                      research re whether Massachusetts recognizes a
                      cause of action for an account annexed; work on
                      preparation of complaint
4/30/04  CRD    1.50  Review and analyze terms of sale; review and
                      analyze credit policy re complaint preparation
5/13/04  CRD     .70  Telephone conference with J. White, and R. Young
                      re facts relating to complaint against B&P
5/20/04  CRD     .90  Preparing Complaint
5/24/04  CRD     .10  Telephone conference with B. Young re calculating
                      accrued interest on B&P Supply's statement of
                      account
5/25/04  CRD     .50  Finalize Complaint
6/22/04  CRD     .50  Prepare civil cover sheet; prepare corporate
                      disclosure statement
7/22/04  CRD     .30  Telephone conference with counsel for B&P Supply
                      re possibility of settling case; conference with
                      J. White re same
7/29/04  JMW     .10  Telephone conference with R. Young at Western re
                      settlement issues
7/29/04  CRD     .30  Conference with J. White re B&P Supply's
                      settlement proposal; conference with counsel for
                      B&P Supply re granting an extension of time to
                      file an answer and B&P's settlement proposal
8/02/04  CRD     .20  Telephone conference with counsel for B&P Supply
                      re possibility of settling the case
8/03/04  JMW     .20  Telephone conference with R. Young re potential
                      settlement; email C. Drury re same
8/09/04  JMW     .20  Telephone conference with Bob Young re potential
                      settlement; review ECF documents from Court
8/10/04  JMW     .40  Telephone conference with L. Zuckerman (B&P's counsel)
                      re potential settlement
8/26/04  JMW     .30  Telephone conference with H. Aronson (new counsel
                      for B&P)re Staus and potential settlement
8/30/04  JMW     .20  Telephone conference with B. Young at Western re
                      settlement offer from B&P
9/07/04  JMW     .20  Review letter from H. Aaronson (B&P's counsel);
                      letter to Aaronson
9/13/04  JMW     .70  Telephone call from M. Schaut (Western); review
                      file materials and documents; telephone conference
                      with M. Schaut re analysis and potential settlement
9/20/04  JMW     .70  Telephone conference with M. Schaut; conference call
```

{W0413628.1}

```
                          with Western Products credit committee re status
                          and potential settlement; telephone conference
                          with B&P counsel (H. Aaranson)
9/29/04  JMW     .20  Telephone conference with H. Aaronson (B&P's counsel;
                          conference C. Drury re email from Clerk; review emails re
                          same
9/29/04  CRD     .10  Prepare email correspondence to the Clerk at the
                          United States District Court for the District of
                          Massachusetts re the filing of Defendant's answer
10/05/04 JMW     .20  Telephone conference with Mr. Schaut (Western)
                          re status and settlement offer
10/07/04 JMW     .50  Telephone conference with M. Shaut; call
                          H. Aaronson; letter to Aaronson
10/08/04 JMW     .60  Telephone conference with H. Aaronson re status;
                          telephone conference with H. Aaronson re settlement
                          offer
10/12/04 JMW     .20  Telephone conference with M. Schaut (Western) re B&P
                          Supply status, issues and settlement proposal
                          from B&P
10/18/04 JMW     .50  Telephone conference with H. Aaronsen and telephone
                          conference with M. Schaut re settlement discussions
11/05/04 JMW     .20  Telephone conference with M. Schaut re status and
                          settlement discussioins
11/09/04 JMW     .10  Telephone conference with H. Aaronson re B&P Supply's
                          position
11/10/04 JMW     .10  Telephone conference with H. Aaronson re
                          settlement offer
11/17/04 JMW     .20  Telephone conference with H. Aaronson re settlement
                          discussions
11/19/04 JMW     .20  Review notice from Court re filing; telephone conference
                          with M. Schaut at Western Products re settlement
                          discussions
11/29/04 CRD     .30  Review and analyze Defendant B&P's answer to the
                          complaint; prepare correspondence to M. Schaut
                          enclosing Defendant B&P's answer to the complaint
12/09/04 JMW     .30  Conference M. Schaut (Western) re status; conference
                          C. Drury re discovery plan
12/10/04 CRD     .20  Prepare correspondence to M. Schaut (Western) re notice of
                          scheduling conference
12/20/04 CRD     .60  Prepare agenda of matters to be discussed at the
                          scheduling conference; prepare proposed pretrial
                          schedule including discovery plan; conference
                          with H. Aaronson (B&P's counsel) re same
12/22/04 CRD     .50  Telephone conference with P. Sherr, counsel for
                          B&P, re scheduling conference and Western
                          Products' settlement proposal; prepare
                          correspondence to P. Sherr re same
12/28/04 CRD    1.40  Prepare joint pretrial statement; telephone
                          conference with B&P's counsel re same
12/31/04 CRD    1.20  Prepare correspondence to B&P's counsel re joint
                          statement re scheduling conference; finalize and
                          file joint statement re scheduling conference
                          C. Drury re scheduling conference
1/04/05  CRD     .20  Telephone conference with the clerk at the US
                          District Court for the District of Massachusetts
                          re scheduling conference
1/05/05  CRD    1.80  Attend scheduling conference in Boston
```

```
1/18/05  CRD    3.70  Review and analyze Defendant's request for
                      production of documents from Western; review and
                      analyze Defendant's interrogatories to Western;
                      prepare Western's initial disclosure; conference
                      with M. Schaut re obtaining documents from
                      Western, responding to B&P's discovery requests,
                      status of the case; prepare correspondence to
                      M. Schaut re January 5, 2005 scheduling conference;
                      conference with J. White re responding to B&P's
                      discovery requests
1/19/05  CRD     .40  Preparing Western Products' initial disclosures;
                      prepare correspondence to J. Houghton re same
1/20/05  CRD    1.30  Review and analyze the invoices associated with
                      B&P's account; telephone conference with M. Schaut
                      re same; prepare correspondence to J. Houghton
                      enclosing copies of B&P's invoices
1/24/05  CRD     .70  Prepare objections to B&P's request for documents
1/26/05  CRD     .50  Prepare letter to J. Houghton re Western
                      Product's response to B&P's discovery requests
2/14/05  CRD     .50  Review and analyze B&P Supply's motion to amend
                      answer and assert counterclaim; review and
                      analyze proposed amended answer and counterclaim;
                      prepare correspondence to M. Schaut re same;
                      conduct research re M.G.L. ch. 93
2/15/05  CRD    2.40  Conduct research re motion to amend pleadings under
                      Fed.R.Civ.P. 15(a) including antitrust claims;
                      telephone conference with M. Schaut re status of case
2/17/05  CRD     .20  Call J. Houghton re B&P's motion to amend its
                      answer and assert counterclaims against Western
2/25/05  CRD     .40  Review and analyze B&P's motion to amend answer
                      and assert counterclaims; conduct research re elements of
                      a cause of action under Sections 1 and 2 of the Sherman Act
3/01/05  CRD    3.80  Conduct further research re requirements for pleading a
                      cause of action under Sections 1 and 2 of the
                      Sherman Act; conduct research re requirements for
                      pleading a cause of action under M.G.L.A. ch. 93;
                      conduct research re requirements for pleading a
                      cause of action under M.G.L.A. ch. 93A; review
                      and analyze results of research
3/02/05  CRD     .70  Conduct research re stating a claim under the
                      Massachusetts Consumer Protection Act, M.G.L. c.
                      93A for the purpose of preparing Western
                      Products' opposition to B&P's motion to amend
                      answer
3/03/05  CRD    1.90  Conduct research re elements of a cause of action
                      under Sections 1 and 2 of the Sherman Act for the
                      purpose of preparing Western Products' opposition
                      to B&P's motion to amend answer; review and
                      analyze results of research
3/04/05  CRD     .90  Prepare outline of Western Product's opposition
                      to B&P's motion to amend answer
3/08/05  CRD     .20  Telephone conference with M. Schaut re status of
                      the case and Western Product's opposition to
                      B&P's motion to amend answer
3/09/05  CRD    1.90  Prepare Western Products' opposition to B&P's
                      motion to amend
3/10/05  CRD    4.70  Prepare, finalize and file Western Products'
```

```
                         opposition to B&P's motion to amend answer;
                         prepare finalize and file the declaration of M.
                         Schaut in support of Western Products'
                         opposition; telephone conference with M. Schaut
                         re declaration in support of Western Products'
                         opposition
3/15/05  CRD    1.70     Preparing Western's objections and responses to
                         B&P's request for documents; preparing Western's
                         objections and responses to B&P's
                         interrogatories
3/16/05  CRD    2.50     Preparing Western's objections and responses to
                         B&P's interrogatories
3/17/05  CRD     .30     Telephone conference with M. Schaut re preparing
                         responses to B&P's interrogatories to Western
3/21/05  CRD    1.60     Finish preparation of Western's objections and responses
                         to B&P's document requests
3/28/05  CRD     .30     Review and analyze Order granting Defendant's
                         motion to amend its answer and assert a
                         counterclaim against Western Products; conference
                         with J. White re same
4/11/05  CRD    1.20     Preparing answer to B&P's counterclaims
4/12/05  CRD     .50     Prepare correspondence to M. Schaut re Western's
                         answer to B&P's counterclaims; prepare and
                         finalize Western's answer to B&P's counterclaims
5/31/05  CRD    1.30     Preparing argument section of Western Products'
                         motion for summary judgment
6/02/05  CRD    4.40     Conduct research re refusal to deal as a basis
                         for a claim under the Sherman Act; prepare
                         statement of facts; preparing declaration of
                         Michael Schaut in support of Western's motion for
                         summary judgment; preparing Western's motion for
                         summary judgment
  03/05  CRD    2.60     Preparing argument section re Western's motion for
                         summary judgment
6/09/05  CRD    1.10     Conduct further research re required elements of pleading
                         under Sections 1 and 2 of the Sherman Act
6/29/05  CRD    2.70     Preparing Western's motion for summary judgment re
                         B&P's counterclaim
6/30/05  CRD    4.40     Conduct further research re elements of a cause of action
                         under sections 1 and 2 of the Sherman Act; review
                         and analyze results of research; telephone
                         conference with M. Schaut re Western's motion for
                         summary judgment; preparing Western's motion for
                         summary judgment
7/05/05  CRD    3.30     Preparing argument section in Western's motion for
                         summary judgment re B&P's refusal to deal claims
7/06/05  CRD    2.80     Preparing argument section in Western's motion for
                         summary judgment re B&P's wrongful termination
                         claims
7/07/05  CRD    3.80     Preparing argument section in Western's motion for
                         summary judgment re B&P's Sherman Act claims
7/08/05  CRD    3.80     Preparing argument section in Western's motion for
                         summary judgment re B&P's Sherman Act claims
7/11/05  JMW    1.60     Review draft motion for summary judgment
7/11/05  CRD    1.50     Conference with J. White re revisions to
                         Western's motion for summary judgment; telephone
                         conference with M. Schaut re Declaration in
```

{W0413628.1}                              4

```
                      support of Western's motion for summary judgment;
                      revise Western's motion for summary judgment
7/12/05  CRD   1.40   Telephone conference with M. Schaut re Western's
                      motion for summary judgment; preparing
                      Declaration of Michael Schaut in support of
                      Western's motion for summary judgment
7/14/05  JMW    .50   Review motion for summary judgment and related
                      papers; conference C. Drury re same
7/14/05  CRD   5.70   Preparing Western's motion for summary
                      judgment; preparing the Declaration of Michael
                      Schaut with attached documents in support of
                      Western's motion for summary judgment; preparing
                      Western's undisputed statement of material facts
                      in support of its motion for summary judgment
7/15/05  CRD   1.50   Finalize and file Western's motion for summary
                      judgment; finalize and file the declaration of
                      Michael Schaut in support of Western's motion for
                      summary judgment; finalize and file Western's
                      statement of undisputed material facts in support
                      of its motion for summary judgment;
8/05/05  CRD   1.90   Review and analyze B&P Supply's opposition to
                      Western's motion for summary judgment; prepare
                      and file motion for leave to file a reply
                      memorandum
8/16/05  CRD   2.20   Telephone conference with M. Schaut re status of
                      the case; preparing Western's reply in support of
                      its motion for summary judgment
8/17/05  CRD   4.60   Preparing Western's reply in support of its motion
                      for summary judgment
8/18/05  CRD   5.80   Finalize and file Western's reply in support of
                      its motion for summary judgment; review and
                      analyze the Affidavit of Peter Dus; prepare
                      Western's motion to strike certain portions of
                      the Dus Affidavit
10/13/05 JMW   2.00   Review briefs, statement of facts, affidavits re
                      preparation for hearing on Motion for Summary
                      Judgment
10/14/05 JMW   2.00   Attend hearing on Motion for Summary Judgment in
                      Springfield, Massachusetts

         114.40  TOTAL HOURS
```

|  | HOURS | X | HOURLY RATE | = | TIME/VALUE |
|---|---|---|---|---|---|
| Christopher R. Drury: | 102.0 |  | 145 | = | $14,790 |
| Jeffrey M. White: | 12.4 |  | 275 | = | $ 3,410 |
|  |  |  | **Total Value =** |  | **$18,200.00** |