UNITED STATED DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
DOCKET NO:
04-CV-11467 MAP

DOUGLAS DYNAMICS, LLC, d/b/a/ WESTERN PRODUCTS,
        Plaintiff,

v.

B & P SUPPLY, INC.,
        Defendant

DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER DATED APRIL 11, 2007 AND OPPOSITION TO SCHEDULE OF FEES AND COSTS

    NOW comes Jack E. Houghton, Jr., counsel for the Defendant B & P Supply, Inc. in the above entitled matter and moves this Honorable Court to RECONSIDER its Order dated April 11, 2007 awarding the Plaintiff fees and costs incurred in pursuing its Motion To Compel. Alternatively, the Defendant herein submits a response to the Plaintiff's Schedule of Fees concerning said Motion To Compel Production of Documents. In support thereof, the Defendant states as follow:

1. Initially, the Defendant moves this Honorable Court to RECONSIDER its Order dated April 11, 2007 allowing the Plaintiff's Motion To Compel Production of Documents, and award of attorney's fees and costs incurred in pursuing said Motion.

   For reasons, counsel for the Defendant states that he was counsel for the Defendant in the underlying action in this matter. That case concluded and was formally closed by the Court on October 18, 2005, after a Judgment was entered in favor of the Plaintiff, Douglas Dynamics, LLC, d/b/a Western Products. At that point, ostensibly, the case was closed, and counsel for the Defendant was, therefore, relieved of any responsibilities and/or obligations imposed on him under the Federal Rules of Civil Procedure, as well as the Local Rules of the United States District Court for the District of Massachusetts. In order to provoke those rules, as well as any other applicable ethical canons or rules, Defendant's counsel would have had to have filed an Appearance with the District Court. He did not. Counsel for the Defendant avers that his obligations ceased upon closure of the case, and do not last in perpetuity. The Plaintiff had opportunity to pursue the Defendant, but neglected and/or failed to do so for over one year's time.

2. Under these circumstances, counsel for the Defendant respectfully requests this Court to RECONSIDER its Order dated April 11, 2007 insofar as it relates to the award of fees and costs incurred in pursuing the Motion To Compel.

3. In the alternative, Counsel for the Defendant states that the Plaintiff's request for fees and expenses dated April 20, 2007 are inappropriate, excessive and not reasonable. The Court must discern what the Plaintiff's counsel's services were objectively worth, and only in connection with the Motion To Compel. The compensation must be just and fair, taking into consideration the necessary and reasonable time and labor required, the usual price charged for similar services by other attorneys in the same area, and the fact that the hourly rates are not consensual with the Defendant. *See Computer Systems Engineering, Inc. v. Quantel Corp., 571 F Supp, 1379 (Dist. Of Mass, 1983).*

4. In the Judgment Creditor's schedule of fees, Attorney Cannon expended an incredible 4.4 hours to draft a short letter as well as the Motion to Compel with supporting Affidavit. The Motion was thereafter "reviewed" by Attorney Poindexter. Given the brevity and lack of complexity of the Motion, with no research involved, counsel for the Defendant submits that the time spent for drafting of the Motion To Compel was excessive and should be reduced significantly to reflect a more reasonable fee. Moreover, especially since counsel's request for attorney's fees was not, in any sense of the word, the result of a consensual agreement with the Defendant, the hourly rate requested by Plaintiff's attorneys are excessive and should be reduced.

For the reasons mentioned above, the Defendant respectfully requests this Honorable Court to RECONSIDER its Order awarding attorney's fees and costs to Plaintiff's counsel in connection with its Motion To Compel or, in the alternative, awarding Plaintiff's counsel an amount that is fair and reasonable for the work required, something significantly less than that indicated in the schedule of fees filed with the Court on April 20, 2007.

                                                                                   B & P Supply, Inc.
By Its Attorney:

Dated: May 9, 2007

/s/ Jack E. Houghton, Jr.
Jack E. Houghton, Jr.
78 Bartlett Avenue
Pittsfield, MA 01201
(413) 447-7385
B.B.O. # 241040

**CERTIFICATE OF SERVICE**

    I hereby certify that a true copy of the foregoing document was served upon the Attorney's of record through the Courts C.M./E.C.F. System on May 9, 2007.

/s/ Jack E. Houghton, Jr.
Jack E. Houghton, Jr.
